## O'LEARY et al. v. LIGGETT DRUG CO.

### No. 47.

District Court, S. D. Ohio, W. D.

May 11, 1940.

Allen & Allen, of Cincinnati, Ohio, for plaintiffs.

Wilkinson, Huxley, Byron & Knight, of Chicago, Ill., and McMahon, Corwin, Landis & Markham, of Dayton, Ohio, for defendant.

NEVIN, District Judge.

On October 12, 1939, plaintiffs herein, Lucy B. O'Leary and the Rotor Clock Company, filed their bill of complaint against the defendant, the Liggett Drug Company, alleging infringement of letters patent and praying for an injunction and an accounting.

On November 29, 1939, defendant filed its answer. Based upon the allegations therein contained, defendant prays that the bill of complaint may be dismissed. Together with its answer, and as paragraph 12 thereof, defendant sets up a counterclaim, or as its counsel state in their brief "a prayer in the nature of a counterclaim which prays for a declaratory judgment".

On January 6, 1940, plaintiffs filed a motion entitled "Motion for Bill of Particulars and to Strike". The cause is now before the court on this motion, directed to defendant's answer, and the briefs and arguments of counsel with respect thereto.

Defendant objects to the entire motion and submits that it should be dismissed on the ground that it is not made in accordance with the provisions of Rule 12 (e) and 12 (f) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, "in that these rules provide that a motion for a bill of particulars and a motion to strike must be made within twenty days after the service of the pleading in reference to which the motion is made." In this connection the record shows that the answer was filed on November 29, 1939, and the motion for bill of particulars and to strike was not mailed to defendant's attorneys until January 5, 1940, at least thirty-five days after the filing of the answer and service of the same upon plaintiffs' counsel.

Rule 6 (b) provides (with some exceptions) for an enlargement of the time, by the court in its discretion for good cause shown, within which "an act is required or allowed to be done". In view of the statements as to the delay made in their brief by counsel for plaintiffs, the court will regard the motion also as an application under Rule 6 (b). As such the application is granted and the court will, therefore, entertain the motion for its consideration and determination. Buggeln & Smith, Inc. v. Standard Brands, Inc., D.C., 27 F.Supp. 399.

### Motion for Bill of Particulars.

The motion for bill of particulars contains seven paragraphs, numbered in the motion 1 to 7, inclusive. Upon a consideration of each paragraph of the motion and the applicable law, the court finds:

1. That so much of the motion as is contained in paragraphs 1, 2, 3, 5 and 6 is not well taken, and that it should be, and it is to that extent, overruled.

2. That so much of the motion as is contained in paragraph 4 thereof is well taken, and that it should be, and it is to that extent, sustained. Sure-Fit Products Co. v. Med-Vogue Corporation et al., D.C., 28 F. Supp. 489.

3. That so much of the motion as is contained in paragraph 7 thereof is well taken, and that it should be, and it is, to that extent also, sustained.

As to paragraph 7 counsel for defendant state in their brief "no objection save the general objection to the entire motion".

### Motion to Strike.

In its motion to strike plaintiffs move "that paragraph 12, together with the subparagraphs thereunder be stricken from

the defendant's answer." Plaintiffs state in their motion that "The basis for this Motion to Strike is that all the issues sought to be raised by the prayer for declaration are raised by the Complaint and the Answer with paragraph 12 of the latter omitted, and that therefore there is no actual controversy between the parties which needs to be adjudicated by a declaratory judgment."

Plaintiffs cite a number of authorities, including a previous decision by this court in the case of Western Supplies Co. v. Freeman (Eq.1015, decided July 23, 1937) which they claim support their contention that the motion to strike should be sustained. That decision of this court was affirmed by the Circuit Court of Appeals for this (6th) Circuit, 109 F.2d 693. In that case, however, another suit by the same parties was pending in another court. As to this, the Court of Appeals (109 F.2d at page 695) stated "We are of the opinion that a suit may not be maintained under the Declaratory Judgment Act when another suit between the same parties, involving the same subject matter, is pending in another court of competent jurisdiction and the parties are thereby enabled to procure a full and immediate adjudication of their rights." There, however, the same court did not have control of the entire matter. In the instant case it does.

Counsel for defendant very frankly state in their brief that "there is a diversity of opinion on the matter of dismissing a counterclaim", citing some authorities in support of their view that the counterclaim should not be dismissed, at least at this time. In Hann v. Venetian Blind Corporation, D.C., 15 F.Supp. 372, page 379, decided June 13, 1936, the court dismissed such a "counterclaim" as is here asserted, stating that "To allow the defendants to maintain a counterclaim, the sole object of which is to keep the plaintiff in court at the defendant's will, is to give to the defendant more than his due. The motion to strike the counterclaim will therefore be granted."

On the other hand, in Leach v. Ross Heater & Mfg. Co., 104 F.2d 88, pages 91, 92, decided April 24, 1939, the Court of Appeals of the Second Circuit held that it was error to strike out the counterclaim at this stage of the proceedings, saying, "While it may turn out at trial that a decision on the merits of the plaintiff's bill will dispose of the controversy between the parties completely and render declaratory judgment unnecessary, in which case the counterclaim may be dismissed, we are of opinion that it was error to strike out the counterclaim at so early a stage."

 Because of the conflicting views as expressed by the courts in the cases just cited, as well as others, the court has concluded not to pass upon the motion to strike in the instant case, at this time. As stated by the court in the Leach case, just referred to, it may turn out at the trial of the instant case that a decision on the merits will dispose of the controversy between the parties and render a declaratory judgment unnecessary. If, in the meantime, before a trial on the merits is reached, plaintiffs decide to dismiss their complaint they may again bring the motion to strike to the attention of the court should defendant then object to such dismissal because of its alleged, or so-called, "counterclaim".

Counsel may prepare and submit an order in accordance with the rulings of the court.