828

## CLAIR et al. v. KASTAR, Inc.

### No. 128.

Circuit Court of Appeals, Second Circuit.

Nov. 5, 1943.

Joseph Hirschman and Lackenbach & Hirschman, all of New York City (Armand E. Lackenbach, of New York City, of counsel), for appellant.

C. W. Prince, of Kansas City, Mo., and Pennie, Davis, Marvin & Edmonds, of New York City (John T. Farley, of New York City, of counsel), for appellees.

Before L. HAND, SWAN, and FRANK, Circuit Judges.

L. HAND, Circuit Judge.

The defendant appeals from a summary judgment, awarding damages and profits to the plaintiffs for the infringement of claim two of an expired patent for a "steering stabilizer" on motor-cars—No. 1,577,821 issued on March 23, 1926, to William P. Campbell—and dismissing a counterclaim for infringement by the plaintiffs of Patent

No. 1,993,572, issued on March 5, 1935, to Louis Stark, also for such a "stabilizer." On April 10, 1933, the plaintiffs who then, as now, were owners of the Campbell patent, sued a corporation, known as the Western Auto Supply Company, in the District Court for the Western District of Missouri, for the infringement of all the three claims of that patent; and on December 20, 1937, Judge Collet declared the claims invalid for want of invention; but held valid and infringed another patent on which the plaintiffs had sued in the same action. Both parties appealed to the Circuit Court of Appeals for the Eighth Circuit, but settled their controversies before the cause came on for argument, and the appeals were dismissed by consent on April 19, 1939. The defendant at bar was not a party to that action, nor did it undertake its defence. Shortly thereafter, the plaintiffs began two other actions in the same court against customers of the defendant; again upon all three claims of the Campbell patent: on June 29, 1939, against Sears, Roebuck & Co.; on July 10, 1939, against Montgomery Ward & Co. The defendant intervened in these and openly undertook and carried through the defence of both; they were consolidated, and it will be convenient to speak of them as one. During its prosecution the plaintiffs withdrew claims one and three, leaving in suit only claim two, which Judge Otis held valid and infringed on February 18, 1941. The defendant appealed from this judgment to the Circuit Court of Appeals, but without success and the mandate of affirmance went down on January 26, 1942. The present action—once more upon all three claims of the Campbell patent—was filed on January 5th, 1943. The District Judge held that Judge Otis's judgment was res judicata as to the validity of claim two and as to the defences of fraud and laches which the defendant pleaded in this action; but, since the patent had expired, he directed only an accounting. He did not discuss the issue of disclaimer on which the defendant also now relies, because the answer had not pleaded it; but after his opinion went down, the defendant moved for a reargument upon the ground that the plaintiffs had never disclaimed claims one or three, although over eleven months had passed between the decision of the Eighth Circuit in the action before Judge Otis, and the filing of the action at bar. The judge granted the reargument but adhered to his former opinion.

The defendant concedes, and must concede, that after the dismissal of the appeal in the action against the Western Auto Supply Company, the plaintiffs need not have disclaimed; indeed they could not have done so, for they had nothing to disclaim. All three claims having been declared invalid, nothing was left to save, and the statute, 35 U.S.C.A. § 65, provides that the patentee's "patent shall be valid for all that part which is truly and justly his own." As was their right, they therefore again declared upon all three claims in the action before Judge Otis. The first question is whether they are bound to disclaim claims one and three within a reasonable time after they had withdrawn them in that action. If they were, they can plausibly argue that the defendant should have pleaded their neglect to do so as a defence in the action before Judge Otis; and that, having failed to do so, it was estopped by that judgment which was conclusive, not only as to what it actually decided, but as to whatever else it might have decided. That would depend upon whether the action at bar is upon the same "claim," or "cause of action," as the action before Judge Otis, a question not free from uncertainty. We need not decide it, because even if it is upon the same "cause of action," the plaintiffs' withdrawal of claims one and three did not impose upon them the duty to disclaim, and their neglect to do so could not have been pleaded in bar. Judge Collet's judgment that claim two was invalid still remained the last word; the withdrawal of claims one and three in no sense made its validity more probable; and the plaintiffs were no more bound to disclaim than they had been before they filed the action before Judge Otis. Their duty to disclaim could not arise at the earliest until the Eighth Circuit affirmed Judge Otis's judgment, or perhaps not until a reasonable period after the defendant's time had expired to apply for certiorari.

But, although, for the reasons just given, the plaintiffs were under no duty to disclaim until the action before Judge Otis had come completely to an end, that duty may then have arisen, and their neglect to discharge it have invalidated the Campbell patent. This follows from Ensten v. Simon Ascher & Co., 282 U.S. 445, 51 S.Ct. 207, 75 L.Ed. 453. In that case the District Court had held several claims of a patent valid and one claim invalid. An appeal lay to the Circuit Court of Appeals from each part of the decree, and the defendant

did appeal, but the plaintiff did not. After the judgment of the District Court had been affirmed, the defendant moved to dismiss the action on the ground that the plaintiff should have disclaimed the claim which the District Court had held invalid, within a reasonable time after the Circuit Court of Appeals had held the other claims valid. The argument was that, since it then appeared that part of the patent was valid and part invalid, the situation covered by the statute at once arose. This we had held (Ensten v. Simon Ascher & Co., 38 F.2d 71), following Hoe & Co. v. Goss Printing Co., 2 Cir., 31 F.2d 565, and the Supreme Court affirmed our decree. We had earlier held in Page Mach. Co. v. Dow, Jones & Co., 2 Cir., 168 F. 703, that a patentee need not disclaim claims which had been declared invalid by the District Court, after the affirmance by the Circuit Court of Appeals of a holding in the same action that other claims of the same patent were valid. Ensten v. Simon Ascher & Co., supra, 282 U.S. 445, 51 S.Ct. 207, 75 L.Ed. 453, overruled that decision, though—as we had pointed out in Hoe & Co. v. Goss Printing Co., supra, 2 Cir., 31 F.2d 565—only because the patentee, by a change in the law, had then become able to appeal from that part of the decree which held any of his claims invalid.

 Thus, if a patentee has had an opportunity to review a decision holding some claims of his patent invalid and some valid, and if he fails to avail himself of that opportunity, he must disclaim the claims held invalid within a reasonable time after the appellate court affirms so much of the judgment as holds any of the claims valid. Although it cannot be known until then that any part of the patent is valid and although not until then does the duty arise (Triplett v. Lowell, 297 U.S. 638, 56 S.Ct. 645, 80 L.Ed. 949), then it does arise, and he delays any longer at the peril of losing his whole patent. The duty of the plaintiffs at bar to disclaim therefore depended upon whether they could have obtained a review of Judge Collet's ruling upon claims one and three in the action before Judge Otis. Although they had alleged that the defendants in that action infringed those claims as well as claim two, that did not indeed conclude them; but, if the same "stabilizers" which were found to infringe claim two, did in fact infringe claims one or three, they withdrew either of those claims at their peril. It was their

last chance to save them. Whether the "stabilizers" did infringe either claim one or three was not tried in the motion for summary judgment, and could scarcely have been properly so tried. Although the judgment must therefore be reversed, the issue must be tried whether the "stabilizers" infringed either of those claims; or, what is in effect the same thing, whether there was any substantial difference between either of them and claim two. Maytag Co. v. Hurly Mach. Co., 307 U.S. 243, 59 S.Ct. 857, 83 L.Ed. 1264.

Upon the other defences—fraud and laches—we shall not pass; it may well be that their decision will prove unnecessary, and in any event the facts will probably be more fully disclosed upon the trial.

 We are not sure that we understand on what theory the plaintiffs support the dismissal of the counterclaim for infringement of the Stark patent; and the judge gave no reasons. We infer their position to be that the defendant was bound under Rule 13(a), Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to plead any counterclaim upon that patent in the action before Judge Otis, and that, having failed to do so, that judgment is a bar here. The defendant makes two answers to this, to which we will only allude, for on their validity we need not pass. The first is that a manufacturer who undertakes the defence of his customers, cannot plead as a counterclaim the infringement of a patent of his own; the second is that the plaintiffs did not in fact infringe the Stark patent until after judgment had been entered in the action before Judge Otis. It is enough for the reversal of this part of the judgment that, even though we were to declare both these answers insufficient, the "cause of action," or "claim," involved in the infringement of the Stark patent did not "arise out of the transaction or occurrence" that was the subject-matter of the plaintiffs' complaint. That "transaction or occurrence" was the use, manufacture or sale of the defendant's "stabilizers" by its customers; the "transaction or occurrence" out of which the counterclaim arose was the use, manufacture or sale by the plaintiffs of their own "stabilizers." These "transactions" and "occurrences" had nothing to do with each other. The plaintiffs may be right that if the Campbell patent is valid, and if the defendant infringed it when it made or sold its "stabilizers," it could recover no damages or profits from

the plaintiffs, if "stabilizers" made or sold by them infringed the Stark patent. But they are certainly not right in supposing that the defendant would have no right to an injunction; it is scarcely necessary at this day once more to expose the fallacy that a patent gives any right to the patentee to practice his disclosure. It merely enables him to stop others from practising it. Moreover, if the Campbell patent has become invalid, the hypothesis on which the argument depends is untrue, and if the Stark patent proves valid, the defendant will be able also to recover damages and profits, at least for the period after the neglect to disclaim became effective.

The judgment will be reversed, and the cause will be remanded for further proceedings in accordance with the foregoing. ·

Judgment reversed.