YOUNG v. ATLANTIC REFINING CO.
(GALBREATH, Third-Party Defendant).

Civ. 26501.

United States District Court
N. D. Ohio, E. D.

Sept. 7, 1949.

Arthur M. Frutkin, Alliance, Ohio, for plaintiff.

Wm. E. Pfau, Youngstown, Ohio, Leonard S. Danaceau, Cleveland, Ohio, for defendant.

JONES, Chief Judge.

This is an action for damage to property and person by fire allegedly resulting from the negligence of defendant Atlantic Refining Company. Said defendant has filed a motion for leave to make Vernon E. Galbreath a third-party defendant under Rule 14(a), Federal Rules of Civil Procedure, 28 U.S.C.A.

Defendant states that the premises occupied by plaintiff at the time of the fire were owned by Galbreath and rented to plaintiff for use as living quarters. These premises had formerly been used as a gasoline filling station and it is plaintiff's claim that defendant was negligent in removing its gasoline pumping equipment, thereby causing the fire. Defendant contends that the fire was caused by the negligence of Galbreath and that an agreement between defendant and Galbreath (a copy of which is attached to the answer) provided that Galbreath would indemnify defendant from

492

any liability for loss by fire involving any of defendant's equipment or products.

Rule 14(a) provides in part as follows: "Before the service of his answer a defendant may move ex parte or, after the service of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. * * *"

Prior to the most recent amendments to the Federal Rules, Rule 14(a) permitted the impleading of a third-party defendant on the ground that such third-party defendant, not the original defendant, was liable to plaintiff. Now, however, the original defendant must show that the proposed third-party defendant is or may be liable to the original defendant for all or part of plaintiff's claim.

In its brief in support of its motion and in its answer, defendant sets forth the agreement containing the alleged indemnification clause. Plaintiff opposing this motion, points out that the proposed third-party complaint does not refer to any agreement by Galbreath to indemnify defendant.

Since plaintiff's brief was submitted, however, defendant filed an application for leave to file an amended third-party complaint. The proposed amended third-party complaint alleges liability on the part of Galbreath to defendant on the basis of the agreement referred to above. Plaintiff opposes the application for leave to file on the ground that the indemnity agreement set forth in the amended pleading "does not cover situations which occur after the termination of the lease." That question as well as the question of when and if the lease was terminated are matters which cannot be decided at this stage. The pleadings and the agreement do not show on their face that the agreement was clearly inapplicable at the time of the fire.

Defendant's application will be granted.

With the filing of the amended proposed third-party complaint, the defendant has met the requirements of Rule 14(a) for impleading a third-party defendant, therefore defendant's motion to that effect will be sustained.