**FOWLER INDUSTRIAL SERVICE, Inc., v. JOHN MOHR & SONS CO., et al.**
Civ. No. 26617.

United States District Court
N. D. Ohio, E. D.
April 4, 1950.

272

John H. Ranz, Manchester, Bennett, Powers & Ullman, Youngstown, Ohio, for plaintiff.

T. Lamar Jackson, Youngstown, Ohio, Comus M. Beard, Youngstown, Ohio, for defendants.

JONES, Chief Judge.

This is an action to recover money due and owing upon a contract.

The original defendant, Mohr & Sons, had entered into a contract with the additional third party defendant, Carnegie-Illinois Steel Corporation for the repair and renovation of a blast furnace. Plaintiff was hired as a sub-contractor to do part of the work and plaintiff did do work valued in excess of $100,000.00. Defendant paid all but $11,568.00 of this sum and refused to pay this balance. Plaintiff sued for this amount and defendant entered a counterclaim asserting that plaintiff, in making the repairs on the furnace, damaged a hearth right by the negligent use of explosives. Defendant under the terms of its original contract with the Steel Company furnished and installed a new hearth ring. The value of these repairs amounted to $11,588.00 and defendant asks that this sum be set off against plaintiff's claim.

Plaintiff then received leave to bring in the St. Paul Mercury Indemnity Company as a third party defendant alleging that this new defendant by an indemnity contract was liable to plaintiff on all losses suffered by it through its own negligence.

The Indemnity Company in turn received leave to bring in the Steel Company as an additional third party defendant alleging (1) that the hearth ring was defective at the time plaintiff did the work on the furnace and it was this defect that caused the damage, and (2) that the Steel Company appropriated the scrap metal from the old ring for its own purposes. Consequently, the Indemnity Company claims that the Steel Company had no right to receive a new ring from the original defendant and it is liable to one of the other three parties for its value and that the damages caused must be reduced by the value of the scrap appropriated by the Steel Company.

Both plaintiff and the Steel Company now ask for an order vacating the leave granted the Indemnity Company to make the Steel Company a defendant and for a further order that the Steel Company be dismissed as a defendant.

The Indemnity Company opposes this motion on the ground that the Steel Company is or may be liable to one of the other three parties. However, amended Rule 14(a), Federal Rules of Civil Procedure, 28 U.S.C.A., provides that a third party defendant may be brought into the suit by a third party defendant only if the new defendant is liable for all or part of the claim made in the action against the third party defendant. Young v. Atlantic Refining Co. v. Galbreath, D.C., 9 F.R.D. 491, (Judge Jones). The only question to be decided then is whether, under any possible theory, the Steel Company is liable to the Indemnity Company. If it is not, the motion to dismiss must be sustained.

The Steel Company is not liable to the Indemnity Company. The Indemnity Company's liability rests solely on the question of whether the plaintiff was negligent in its performance of its contractual duties. If plaintiff was not, then the Indemnity Company is not liable and the Steel Company's right to receive a new hearth ring becomes an immaterial issue as far as the Indemnity Company is concerned. It makes no difference that the Steel Company might then be liable to the original defendant, for the Rule as it now stands gives that defendant, and only that defendant, the right to bring in the party liable to him. Young case, supra.

If plaintiff by its negligent conduct breached its contract with the original de-

fendant to its injury, then the Indemnity Company must reimburse the plaintiff to the extent of the loss. But this means that the original defendant's conduct in supplying a new ring to the Steel Company was justified. The only effect this transaction has, then, is to measure the damage suffered by the original defendant and it in no way creates a liability on the part of the Steel Company to any of the other parties in this action.

Again, if it is found that plaintiff breached its contract, the Indemnity Company will be liable for the damages which resulted. In computing these damages the scrap value of the old ring must be deducted from the cost of the replacement. It may be that the original defendant, in replacing the ring, received no credit from the Steel Company for the scrap value of the old ring, but, if it did not, that loss will fall upon the original defendant and not upon the plaintiff or its insurer. This places no liability upon the Steel Company to make good the Indemnity Company's loss.

The Indemnity Company has no right under Rule 14(a) to bring the Steel Company into the lawsuit as a third party defendant, and the motion to dismiss must be sustained.