NON–FERROUS METALS, INC.,
Plaintiff,

v.

SARAMAR ALUMINUM COMPANY,
Defendant,

Alvin A. Goldstein et al., Third Party
Defendants.

Civ. A. No. 35346.

United States District Court
N. D. Ohio, E. D.
Jan. 19, 1960.

John Ranz, Manchester, Bennett, Powers & Ullman, Youngstown, Ohio, Howard Gould, Gould & Spiegel, Cincinnati, Ohio, Nathan S. Blumberg, Brown, Fox & Blumberg, Chicago, Ill., for plaintiff.

Murray Nadler, Youngstown, Ohio, Henry C. Lavine, Cleveland, Ohio, N. Norman Gravill, Jr., Maple Heights, Ohio, for defendant.

McNAMEE, District Judge.

This is a diversity case, plaintiff being an Illinois corporation and defendant a corporation organized under the laws of Ohio. Plaintiff alleges that on January 6th and 7th, 1959, it delivered aluminum scrap of the value of $71,793.93 upon defendant's order to Aluminum Company of America at Riverdale, Iowa, and prays for judgment in the above amount. In its Answer the defendant denies the alleged indebtedness and asserts a counterclaim. In the first cause of action of its counterclaim defendant alleges that it paid freight charges in the sum of $320.-46 on shipments to defendant's order at Messina, New York on January 6–7, 1959, which should have been paid by plaintiff. In the second cause of action of its counterclaim defendant avers that from January 7, 1958 through October 22, 1958 plaintiff, through its agents hereinafter named as third party defendants, represented that it had delivered for defendant's account to Industrial Smelting Company at the latter's plant in Mahoning County, Ohio, 1,241,180 pounds of aluminum scrap; that relying on such representations defendant paid plaintiff the sum of $275,749.63; that said representations were false; that only 918,250 pounds of aluminum scrap were delivered in said shipments; that defendant was "short-weighted" on 322,-930 pounds of aluminum scrap, having a value of $71,044.60, for which amount defendant claims a set-off against the claim of plaintiff. In its third cause of action of its counterclaim defendant incorporates all of the allegations of the second cause of action and alleges that plaintiff conspired with third party defendants, Alvin A. Goldstein, Joel Jones, Myer Singer, individually and as partners d. b. a. Empire Trading Company, and John Macik, Stanley Florek and John Florek, and by fraud, misrepresentation and deceit caused the defendant to pay for 322,930 pounds of aluminum scrap of the value of $71,044.60, which it did not receive.

In its cross-claim against the above named third party defendants, all of whom are citizens of Ohio, the defendant alleges that said third party defendants and plaintiff conspired to "short weight" defendant on the deliveries of scrap aluminum to the Industrial Smelting Company, referred to in its counterclaim, and that as a result of the fraud and deceit of said conspirators defendant paid for 322,930 pounds of scrap aluminum which was not delivered during the period above indicated to the Industrial Smelting Company in Mahoning County, Ohio.

Defendant prays judgment against the plaintiff on the first two causes of action of its counterclaim and asks that the same be set off against any judgment of the plaintiff against the defendant.

In its third cause of action of the counterclaim defendant prays for judgment against plaintiff and the third party defendants. Defendant prays further that if the Court finds plaintiff was not a conspirator and that defendant is not entitled to a set-off, that defendant be awarded judgment on its cross-claim against the third party defendants in the amount hereinabove mentioned.

Plaintiff and all third party defendants except John Macik, Stanley Florek and John Florek have moved to dismiss the cross-claim and the third party defendants from this action on the grounds (1) that the cross-claim is not within the purview of Rule 14(a), F.R.Civ.P., 28 U.S.C.A.; (2) that Rule 13(h), which provides for the bringing in of additional parties, has no application. Plaintiff, however, makes no objection to the defendant's assertion of the counterclaim against it but contends that said counter-

claim is permissive rather than compulsory. Rule 14(a), F.R.C.P. provides in part:

> "* * * a defendant may move * * * for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him."

■ (1) Plaintiff and other movants contend that the third party defendants cannot be held liable to defendant for any part of plaintiff's claim against defendant. This contention is well taken. It does not appear that any of the third party defendants were in any way related to or connected with the transactions which constitute the subject matter of the complaint nor does the defendant aver facts which, if established, would render the third party defendants liable to it for all or any part of a judgment obtained by plaintiff on the claims asserted in the complaint. As stated in 3 Moore, Federal Practice, pp. 418, 419, to invoke Rule 14(a) "* * * there must be an attempt to pass on to the third party all or part of the liability asserted against the defendant." No such attempt is made here.

(2) Rule 13(h) F.R.C.P. provides:

> "Additional Parties May Be Brought in. When the presence of parties other than those to the original action is required for the granting of complete relief in the determination of a counterclaim or cross-claim, the court shall order them to be brought in as defendants as provided in these rules, if jurisdiction of them can be obtained and their joinder will not deprive the court of jurisdiction of the action."

■ The presence of the third party defendants is not required for the granting of complete relief on the counterclaim. In that pleading defendant seeks relief on the grounds that plaintiff is liable for the acts of the third party defendants as its agents or as co-conspirators. It is not necessary to join principal and agents nor is it necessary to join all of the conspirators in order to secure complete relief. Conspirators are jointly and severally liable and all may be joined or an action may be brought against only one. 11 Am.Jur. 584, 585. Moreover, the addition of the third party defendants would deprive this Court of jurisdiction. Defendant's counterclaim, which does not arise out of the transaction or occurrence which is the subject matter of plaintiff's claim, is permissive, Rule 13(b), and requires independent jurisdictional grounds to support it. Defendant and the third party defendants are all residents of Ohio and plaintiff is a citizen of Illinois. Manifestly, the presence of such third parties would destroy diversity jurisdiction. There is also an absence of diversity on the cross-claim. Defendant and third party defendants, aligned on opposite sides of the controversy, are all citizens of Ohio. If a counterclaim is compulsory it is ancillary to the main action and separate jurisdictional grounds are unnecessary. A compulsory counterclaim under Rule 13(a) is: "* * * a claim, not the subject of a pending action, which the defendant has at the time of its filing if it 'arises out of the transaction or occurrence that is the subject matter of the opposing party's claim.'" Lesnik v. Public Industrials Corp., 2 Cir., 144 F.2d 968, 975. Defendant relies strongly on the last cited case. However, that case is clearly distinguishable. The action there was against a corporation on a note secured by preferred stock of another corporation. Defendant's counterclaim alleged a conspiracy between the original plaintiff and the third party defendants fraudulently to withhold dividends on the preferred stock so as to require defendant's holdings at ruinous prices and there was complete diversity of citizenship between defendant and third party defendants. In Lesnik the

court defined "transaction" as used in Rule 13(a) as: " * * * a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." Under this liberal view, the court held that the counterclaim arose out of the transaction by which Lesnick took the note upon which his complaint was based and that he "took title to the note only as a step and as a part in the execution of the alleged conspiracy." Thus, in the cited case, the taking of the note upon which suit was brought was apparently an act in the furtherance of the conspiracy and was intimately connected with and closely related to it. This constituted a sound basis for the court's ruling that the counterclaim in that case was compulsory. Here the transactions upon which this action was brought are entirely separate from the alleged conspiracy which relates to other and earlier transactions between the original parties and involve different shipments of scrap aluminum to a different consignee located in a different state. The cases of United Artists Corp. v. Grinieff, D.C., 15 F.R.D. 395, reversed sub non United Artists Corp. v. Masterpiece Productions, 2 Cir., 221 F.2d 213, and Fowler Industrial Service, Inc. v. John Mohr & Sons Co., D.C., 10 F.R.D. 271, upon which defendant relies are not analogous.

■ McKnight v. Halliburton Oil Well Cementing Co., D.C.1957, 20 F.R.D. 563 cited by plaintiff, sharply points up the the distinction between compulsory and permissive counterclaims. In that case suit was brought to recover damages for the negligent "cementing in" by defendant of an oil well described as Wilson Burton No. 1. Defendant counterclaimed for the balance due it for work done on said oil well and also for the balance due on another well cemented by it. The court held that the counterclaim for the balance due for work done on the Wilson Burton well was compulsory as arising out of the same transaction which was the subject matter of the complaint but that the second counterclaim relating to work done by defendant on another well was permissive. In Rosenthal v. Fowler, D.C., 12 F.R.D. 388, a similar situation involving two counterclaims was presented. Although the factual pattern was somewhat different from that of the Halliburton case, the court arrived at the same result, holding one counterclaim compulsory and one permissive, the distinction being made that the latter counterclaim was not so "logically related" to the transactions set forth in the complaint as to make its filing compulsory. See also Clair v. Kastar, Inc., 2 Cir., 138 F.2d 828. Compare: Mercoid Corp. v. Mid-Continent Investment Co., 320 U.S. 661, 64 S.Ct. 268, 88 L.Ed. 376. One of the recognized tests to determine whether a counterclaim arose out of the same transaction or occurrence is whether the same evidence will support or refute the opposing claims. Williams v. Robinson, D.C., 1 F.R.D. 211. Another test is whether, if defendant fails to assert his claim in a counterclaim, will the doctrine of res judicata bar him from presenting it in a future action. Big Cola Corp. v. World Bottling Co., 6 Cir., 134 F.2d 718. The application of the foregoing tests to the facts here presented results in negative answers to the questions implicit in such tests.

Three affidavits accompany the pleadings, viz. an original affidavit of defendant's Executive Vice President, a counter-affidavit of the Vice President of plaintiff, and a reply-affidavit of the Executive Vice President of defendant. These affidavits evidence a dispute whether the shipments referred to in the complaint were part of a continuous agreement between plaintiff and defendant. In its counterclaim, however, defendant alleged "that in September of 1957 and from time to time thereafter it entered into various agreements to purchase alu-

minum scrap metal from the plaintiff to be delivered by the plaintiff at such places as this defendant may from time to time designate, and agreed to pay varying prices per pound for such scrap metal so delivered as the parties from time to time agreed upon."

On the basis of the record made on the motions I am of the opinion and hold that defendant's counterclaim is permissive and for the reasons stated above the motions to dismiss the third party defendants and the cross-claims against them are granted.