The McNEIL MACHINE & ENGINEERING COMPANY, Plaintiff,

v.

NATIONAL RUBBER MACHINERY COMPANY, Defendant.

NATIONAL RUBBER MACHINERY COMPANY, Plaintiff,

v.

The McNEIL MACHINE & ENGINEERING COMPANY, Defendant.

Civ. A. Nos. C 63-203, C 63-287.

United States District Court
N. D. Ohio, E. D.
June 28, 1963.

Hamilton & Cook, Mack D. Cook, II, E. R. Hamilton, Akron, Ohio, of counsel, and A. R. Teare and Donald Teare, Cleveland, Ohio, for McNeil Machine & Engineering Co.

Walter Maky, Cleveland, Ohio and Edward A. Haight, Chicago, Ill., for National Rubber Machinery Co.

GREEN, District Judge.

In this Memorandum consideration will be given to motions filed in Cases C 63-203 and C 63-287 now pending in this Court.

Civil Action C 63-203 was filed on March 21, 1963, by The McNeil Machine & Engineering Company (hereinafter referred to as McNeil) against National Rubber Machinery Company (hereinafter referred to as National). The suit alleged infringement by National of two McNeil owned patents and sought an injunction and damages.

The patents allegedly infringed are No. 2,927,343 (claims 1, 12 and 13) entitled "Pneumatic Tire Shaping and Vulcanizing Press and Mechanism for Servicing Same" and No. 2,978,741 (claim 8) entitled "Mechanism for Holding and Inflating Tires after Vulcanization".

On April 22, 1963 National filed Civil Action No. C 63–287 against McNeil. That action alleged infringement by McNeil of two National owned patents, and sought an injunction and damages.

The National patents allegedly infringed are No. 3,065,499 (claims 16, 17, 18 and 19) entitled "Tire Carcass Holder and Curing Press" and No. 3,-065,503 (claims 6 and 9) entitled "Tire Curing Press Carcass Loader".

On April 24, 1963 McNeil filed an amended complaint in Case No. C 63–203 whereby paragraphs 19 to 27 were added to the original complaint. The said paragraphs pled an action for declaratory judgment alleging that National claimed infringement by McNeil of patents Nos. 3,065,499 and 3,065,503, that National had threatened suit against McNeil, and that suit had in fact been filed on April 23, 1963. The relief sought was a declaration with respect to the validity of the said patents and McNeil's infringement thereof, as well as certain ancillary relief.

A motion has been filed by National in Case No. C 63–203 to strike paragraphs 19 to 27 from the amended complaint, those being all the paragraphs relating to the National patents.

McNeil has filed a motion to dismiss the complaint in Case No. C 63–287, alleging that the subject matter thereof is a compulsory counterclaim to its action in No. C 63–203.

Rule 13(a) Federal Rules of Civil Procedure provides, in pertinent part, that:

"A pleading shall state as a counterclaim any claim * * * if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim * * *."

It is not made clear in McNeil's motion whether it is claimed that the National suit arises out of "the transaction or occurrence" which is the subject of the original complaint, or whether it is McNeil's position that the National suit is a compulsory counterclaim to the complaint as amended, or both. In any event, the Court is of the opinion that the position of McNeil is not sound.

It may be inferred from the brief filed by McNeil in Case No. C 63–287 that it is being urged that the National suit was a compulsory counterclaim to the original complaint. In the brief it is stated that the patents owned by each of the parties were placed in the same general classification while being processed through the United States Patent Office, and further, that the two McNeil patents were cited as references in the file of National patent No. 3,065,499.

In Clair v. Kastar, Inc., 138 F.2d 828 (CA2, 1943) an analogous situation was before the Second Circuit Court of Appeals. In that case plaintiff brought an action for infringement of a patent relating to a "steering stabilizer" for cars. A counterclaim was filed alleging infringement by plaintiff of a different patent for such a "stabilizer". Judge Learned Hand held that the plaintiff's claim and the defendant's counterclaim did not arise from the same "transaction or occurrence", but rather "had nothing to do with each other", id. 138 F.2d p. 830.

The Court believes this ruling to be applicable to the instant facts. Although the patents involved in these two actions relate to the same general subject of invention, there is nothing to indicate that the alleged infringements by each of the parties of the patents owned by the other are interrelated.

Turning now to the second possibility, that the National suit is a compulsory counterclaim to the amended complaint, the chronology of these actions becomes relevant.

At the time Case No. C 63–287 was filed the National patents were not in

issue in Case No. C 63-203. The claims relating to the National patents were added to the complaint in Case No. C 63-203 by the filing of the amended complaint two days after the filing of Case No. C 63-287 by National.

In Western Supplies Co. v. Freeman, 109 F.2d 693 (CA6, 1940), it was held that:

"* * * a suit may not be maintained under the Declaratory Judgment Act when another suit between the same parties, involving the same subject matter, is pending in another court having competent jurisdiction * * *." 109 F.2d at p. 695.

Certainly, if the prior filing of an identical suit in another Court is a bar to the bringing of a suit in a different Court, the pendency of an identical action in the same Court should produce the same result.

Although the filing of the amended complaint and the addition of the new paragraphs 19 to 27 was authorized by Rules 15 and 18 F.R.Civ.P., the effect thereof was the creation of an entirely new action within the framework of Case No. C 63-203. The original action was one for infringement of the McNeil patents only, and the National patents were no part thereof. Subsequent to the filing of the amended complaint, in addition to the original action for infringement of the McNeil patents, there was added a new action for declaratory judgment on the National patents.

It is the Court's opinion that the filing of Civil Action No. C 63-287 (wherein the validity and infringement of the National patents were put in issue) deprived McNeil of the right to amend its complaint to include and restate matters already in the lawsuit filed by National.

McNeil cites the decision in O'Leary v. Liggett Drug Co., 1 F.R.D. 272 (D.C. S.D.Ohio, 1940) in support of the argument that the allegations in Case No. C 63-203 seeking the declaratory judgment (paragraphs 19-27) should be permitted to remain. In that case, however, the Court was considering a motion to strike from a counterclaim allegations seeking a declaratory judgment as to the patents sued upon by plaintiff. The theory of the motion was that the counterclaim was superfluous, as all questions raised thereby were in issue as a result of the original complaint. The Court considered an existing conflict in the law on the question, and then declined to pass on the motion pending further developments in the case. On its facts the O'Leary case is clearly distinguishable from the situation before the Court, and would not be a precedent even if a conclusion had been reached therein.

Defendant's "Motion to Dismiss Plaintiff's Complaint" in Civil Action No. C 63-287 denied.

Defendant's "Motion to Strike Additional Allegations from Amended Complaint" in Civil Action No. C 63-203 granted.